UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

JOHN HORAN,
      Plaintiff,


      v.                                          CIVIL ACTION NO.
                                                  16-10359-MBB

ANDREA CABRAL, et al.,
      Defendants.



                      **MEMORANDUM AND ORDER RE:**
            **DEFENDANTS NAPHCARE, INC. AND DR. JAMES CHEVERIE'S**
              **MOTION FOR REFERRAL TO A MEDICAL MALPRACTICE TRIBUNAL**
                          **(DOCKET ENTRY # 21)**

                              **May 11, 2018**


**BOWLER, U.S.M.J.**

     Defendants Naphcare, Inc. ("Naphcare") and James Cheverie, M.D. ("Dr. Cheverie") (collectively: "defendants") seek to refer the negligence and medical malpractice claims to Massachusetts Superior Court to convene a medical malpractice tribunal. (Docket Entry ## 21, 22, 48). Plaintiff John Horan ("plaintiff") submits that defendants waived their right to proceed before a tribunal by not seeking reconsideration of the court's October 2016 denial of the motion (Docket Entry # 21) without prejudice or raising the issue thereafter until a December 18, 2017 scheduling conference. (Docket Entry # 46).

                              BACKGROUND

     The amended complaint seeks damages for a personal injury plaintiff sustained during his incarceration at the Suffolk

County House of Corrections ("SCHOC"). (Docket Entry # 29, ¶ 1). The claims in the eight-count amended complaint pertain to inadequate medical treatment that plaintiff received during his incarceration at SCHOC. (Docket Entry # 29). Prior to his December 2012 incarceration at SCHOC, plaintiff suffered from osteomyelitis and received intravenous antimicrobial therapy administered through a peripherally inserted central catheter ("PICC line"). (Docket Entry # 29, ¶¶ 14-15, 17, 19). He continued to suffer from the condition throughout his incarceration at SCHOC. Dr. Cheverie oversaw plaintiff's medical care at SCHOC. (Docket Entry # 29). During plaintiff's incarceration, Naphcare was under a contract to provide medical services to SCHOC. (Docket Entry ## 29, 30, ¶¶ 9).

Against the recommendation of George Abraham, M.D. ("Dr. Abraham"), the physician who treated plaintiff before he entered SCHOC, Dr. Cheverie determined that plaintiff did not need the PICC line and could instead receive oral antibiotics for the condition. (Docket Entry # 29, ¶ 21). Upon the removal of the PICC line in January 2013, plaintiff's condition worsened ultimately leading to the amputation of his right, second toe. (Docket Entry # 29, ¶¶ 25, 29, 32).

Plaintiff filed this action in February 2016 and, after securing an extension of time, defendants filed an answer on June 29, 2016. On July 19, 2016, defendants filed the motion for a

2

referral of the claims to Massachusetts Superior Court.  On
August 3, 2016, plaintiff filed a notice assenting to the motion.
On October 12, 2016, the court denied the motion to transfer
without prejudice, allowed a motion to amend the complaint, and
instructed plaintiff to file the amended complaint.  The court
also stated it "will first address the *federal* constitutional and
statutory claims only."  (Docket Entry # 28) (emphasis added).

More than two months later, plaintiff filed the amended
complaint in early January 2017.  It sets out various civil
rights and constitutional claims under 42 U.S.C. § 1983 and
Massachusetts General Laws chapter 12, section 11I in counts I,
II, and III.  The remaining claims consist of medical malpractice
(Count IV), negligence (Count V), negligent infliction of
emotional distress (Count VI), intentional infliction of
emotional distress (Count VII), and assault and battery (Count
VIII).

In late January 2017, defendant Andrea Cabral ("Cabral"),
Suffolk County Sheriff during the relevant time period, filed a
motion to dismiss the amended complaint.  In an effort to
progress the case, defendants' counsel telephoned the court in
late August 2017 inquiring about the status of the motion to
dismiss.  (Docket Entry # 48-1).  On September 29, 2017, the
court allowed the motion, dismissed Cabral, and inadvertently
closed the case.  On November 14, 2017, defendants' counsel

3

contacted the court about the closure and requested a status
conference. (Docket Entry # 48-1). A few days later, the court
reopened the case and scheduled the December 18, 2017 scheduling
conference for the remaining parties. On December 13, 2017, the
remaining parties, including defendants, filed a joint statement
setting out a proposed discovery schedule pursuant to LR. 16.1.
The next day, defendants' counsel advised plaintiff's counsel
that she anticipated renewing the motion to refer the negligence
and medical malpractice claims to a tribunal at the scheduling
conference and, accordingly, did not wish to cancel the
conference in the event the parties consented to proceed before a
magistrate judge. (Docket Entry # 48-1). At the December 18,
2017 initial scheduling conference, the court adopted the
proposed schedule. During the conference, defendants renewed the
motion to refer the claims to a tribunal. (Docket Entry # 48-1).
On the same day, the parties consented to the jurisdiction of
this court.

On March 16, 2018, this court set a status conference. At
the April 26, 2018 status conference, defendants again renewed
the motion to refer the aforementioned claims to a tribunal.
(Docket Entry # 47).

## DISCUSSION

Defendants argue that referral of the negligence and medical
malpractice claims to a tribunal is mandatory under state law.

4

(Docket Entry ## 22, 48).  Plaintiff contends that defendants waived their right to proceed before a tribunal based on their inaction.  (Docket Entry # 46).

Massachusetts law mandates a referral of all "action[s] for malpractice, error or mistake," Mass. Gen. Laws ch. 231, § 60B ("section 60B"), to a medical malpractice tribunal, including claims in federal court pursuant to diversity or supplemental jurisdiction.  See Wittkowski v. Spencer, 249 F. Supp. 3d 582, 583 (D. Mass. 2017); see generally Washington v. Gagliani, 75 N.E.3d 582, 582-83 (Mass. 2017).  In the case at bar, jurisdiction is grounded on a federal question with supplemental jurisdiction over the state law claims.  (Docket Entry ## 1, 29, ¶¶ 5); 28 U.S.C. §§ 1331, 1367(a); Municipality of Mayaguez v. Corporacion Para el Desarrollo del Oeste, Inc., 726 F.3d 8, 13 (1st Cir. 2013) ("'federal-question jurisdiction . . . is invoked by and large by plaintiffs pleading a cause of action created by federal law,' such as an action brought under 42 U.S.C. § 1983").

Section 60B's purpose "is to screen complaints in order 'to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance.'"  Ruggiero v. Giamarco, 901 N.E.2d 1233, 1237 (Mass. App. Ct. 2009).  The tribunal accomplishes this goal by "'distinguishing between cases of tortious malpractice and those involving "merely an unfortunate medical result."'"  Vasa v. Compass Medical, P.C.,

921 N.E.2d 963, 966 (Mass. 2010). For actions falling into the latter category when the tribunal finds in the defendant's favor, the plaintiff must post a bond to proceed "through the usual judicial process." Mass. Gen. Laws ch. 231, § 60B; see also Rua v. Glodis, Civil Action No. 10-40251-FDS, 2012 WL 2244817, at *3 (D. Mass. June 14, 2012) (noting that "'a plaintiff may, in effect, "waive" the tribunal by declining to present an offer of proof,' and thus 'assume[ ] voluntarily the financial burden of the bond'").

"The tribunal requirement applies to *all* treatment related claims, whether in tort, in contract, or under G.L. c. 93A." Ruggiero, 901 N.E.2d at 1237 (emphasis added). "[T]he defendant's status as a health care provider" and the subject matter of the claim, namely, one "which directly implicate[s] the professional judgment or competence of a [health care] provider," determines whether "tribunal screening is required." Vasa, 921 N.E.2d at 967; accord Koltin v. Beth Israel Deaconess Medical Ctr., 817 N.E.2d 809, 811 (Mass. App. Ct. 2004). The negligence and medical malpractice claims uniformly implicate the professional judgment of Dr. Cheverie, who rendered medical treatment to plaintiff for his osteomyelitis during his incarceration at SCHOC. More specifically, they involve Dr. Cheverie's decision to remove the PICC line and treat plaintiff with oral antibiotics. The decision purportedly contravened the

6

recommendations of Dr. Abraham.  Overall, the claims directly
concern the professional judgment of Dr. Cheverie, a health care
provider within the meaning of section 60B.  See Mass. Gen. Laws
ch. 231, § 60B.  Accordingly, section 60B requires a referral to
a medical malpractice tribunal.

As pointed out by plaintiff, however, Rule 73 of the Rules
of Superior Court requires a party to file a demand for a
tribunal within 30 days of filing an answer.  The rule further
provides that, "Any defendant's failure to file a timely Demand
for Tribunal shall waive the defendant's right to a tribunal."
Rule 73, Rules of Superior Court.  Plaintiff nevertheless
acknowledges that the rule "applies only to cases filed after
January 1, 2018" (Docket Entry # 46), i.e., not this case.

More broadly, "[w]hen a party persistently sleeps upon its
rights, waiver almost inevitably results."  Bennett v. City of
Holyoke, 362 F.3d 1, 6 (1st Cir. 2004).  Consequently, a waiver
may occur if a party raises an issue for the first time in a
motion to reconsider, see Jennings v. Jones, 587 F.3d 430, 444
(1st Cir. 2009) ("Jennings did not present the argument to the
district court until his motion to reconsider the court's
decision to grant a new trial, and it is waived"), although even
then a court may overlook the waiver.  See, e.g., Gent v. CUNA
Mutual Ins. Society, 611 F.3d 79, 83-84 n.4 (1st Cir. 2010)
(overlooking waiver even though the plaintiff raised the argument

"for the first time in her motion to reconsider"). In fact, in circumstances somewhat analogous to the case at bar, the First Circuit in <u>Vicor Corp. v. Vigilant Ins. Co.</u>, 674 F.3d 1 (1st Cir. 2012), determined "that the insurers did not 'intentionally relinquish a known right'" and thereby waive the issue of production of documents by not raising it again during trial after the court denied a motion to compel documents during discovery and after the court allowed a motion to quash subpoenas seeking a subset of the documents during trial inasmuch as the court indicated "'it would rethink it as we go along.'" <u>Id.</u> at 17 n.14.

Here, defendants set out the argument regarding the required referral to a tribunal in their original motion. The court denied that motion *without prejudice*, meaning, it did not foreclose the ability of defendants to renew the motion. The court did not set a time limit to renew the motion. In fact, there were no deadlines for the filing of motions at the time. Defendants reasserted and renewed the motion 14 months later. During the interim, the court inadvertently closed the case for approximately two months and defendants' counsel contacted the court on two occasions seeking to advance the progress of the case. Under the circumstances, defendants' delay did not waive their statutory right to proceed before a medical malpractice tribunal. <u>See</u> <u>generally</u> <u>Rodriguez v. Transnave Inc.</u>, 8 F.3d 284,

290 (5th Cir. 1993) ("two-year delay in urging its motion did not implicitly waive its foreign sovereign immunity").

Finally, "[a]ny undue delays" in this action resulting from the referral "can be ameliorated by an order allowing discovery to proceed." Joseph v. Sweet, 125 F. Supp. 2d 573, 578 (D. Mass. 2000); see Ward v. Schaefer, Civil Action No. 16-12543-FDS, 2018 WL 1096829, at *4 (D. Mass. Feb. 27, 2018) (noting referral of the "case to the Superior Court to convene a medical malpractice tribunal" and absence of stay of discovery); cf. Rua v. Glodis, 2012 WL 2244817, at *5 (transferring medical malpractice claims brought against one defendant to medical malpractice tribunal and staying "discovery concerning the claims against" that defendant pending result of tribunal); see also Heintz v. Amaral, No. 040368A, 2004 WL 1690389, at *1 (Mass. Super. Ct. July 15, 2004) (noting different approaches to staying discovery and that tribunal hearing "'ordinarily precedes discovery'" although "there is nothing contained in the tribunal statute that relieves the defendant from" providing discovery prior to tribunal hearing); see generally Dyer v. City of Boston, Civil Action No. 17-11452-DJC, 2018 WL 1513568, at *7 (D. Mass. Mar. 27, 2018) (federal and state constitutional claims did "not hinge on Dr. Riley's adherence to medical standards, but rather, to the standards of the Constitution" and were not subject to malpractice tribunal). Because this case is more than two years

9

old with little discovery undertaken to date, discovery will continue and, as stated in open court in late April 2018, this court will conduct a status conference on July 30, 2018.

## CONCLUSION

In accordance with the foregoing discussion, the motion to refer the negligence and medical malpractice claims to Massachusetts Superior Court to convene a medical malpractice tribunal (Docket Entry # 21) is **ALLOWED.**

                                                /s/ Marianne B. Bowler
                                                **MARIANNE B. BOWLER**
                                                United States Magistrate Judge